UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Darris Johnson, | Civil Action No.: 9:18-cv-00090-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Darris Johnson ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). The matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. The Magistrate Judge recommends the Court affirm the Commissioner's decision. [ECF #16].

**Factual Findings and Procedural History**

On October 10, 2012 , Johnson applied for DIB, alleging disability due to arthritis, spurs in the back of his neck and his spine, pain, high blood pressure, and muscle spasms. Within his application, he alleges a disability onset date of February 1, 2012. The medical evidence of record reveals that Johnson underwent a cervical MRI on June 22, 2012, which showed that Johnson exhibited signs of degenerative stenosis. Additional objective testing from that year indicated cervical spine issues. Johnson's medical records indicate that he complained of pain in his neck and upper right extremity. He participated in physical therapy to help alleviate this pain. In early 2013, Johnson continued to report

pain in his neck radiating down his right side. Dr. Michael Davis performed a consultative exam in 2013 and found that Johnson had significant radicular symptoms involving his right arm and shoulder and would be limited in his ability to lift and carry more than ten pounds with his right arm, and limited in his ability to perform climbing and reaching, handling, fingering, or feeling on his right side. [Tr. 456-459; Ex. 3F]. Two medical consultants with the Administration (Dr. Van Slooten and Dr. Thomson) completed a physical residual functional capacity assessment and found that Johnson was capable of medium work with certain postural and manipulative limitations. [Tr. 129-131; 140-142; Ex. 1A and 3A]. Johnson also reported pain in his left scapular region in 2013, as well as pain in his back. On April 14, 2014, an evaluation by Cherrie Thomas, a physician's assistant with the Veterans Affairs Medical Center ("VAMC") revealed that Johnson continued to suffer from left scapular pain and back pain. She also noted that he was trying to receive an advanced certificate related to his heating and air conditioning technician job, a job which required heaving lifting. A thoracic x-ray from 2014 indicated normal results, while a lumbar x-ray showed degenerative disc disease. [Tr. 607; Ex. 11F]. Johnson's problems persisted in 2015, and a cervical MRI performed on March 5, 2015 showed degenerative stenosis at more than one level of the cervical spine. [Tr. 616; Ex. 11F].[1]

The Social Security Administration denied his application initially and on reconsideration, therefore Johnson requested a hearing before the Administrative Law Judge ("ALJ"). The ALJ held a hearing on March 19, 2015. The ALJ denied Johnson's claim on May 13, 2015, finding that Plaintiff was not under a disability as defined in the Social Security Act, as amended. However, The Appeals Council remanded the case back to the ALJ for further consideration of whether Johnson was able to

---

[1] A more detailed recitation of Johnson's medical history is adequately set forth by the Magistrate Judge in the Report and Recommendation.

perform any of his past relevant work. After a second hearing, a different ALJ again denied Johnson's claim on February 14, 2017.

In the decision, The ALJ determined that, although Johnson suffers from degenerative disc disease, he still retained the residual functional capacity to perform light work, with additional limitations [ECF #9-2, pp. 33]. The ALJ's findings were as follows:

> (1) The claimant last met the insured status requirements of the Social Security Act on March 31, 2016.
>
> (2) The claimant did not engage in substantial gainful activity during the period from his last alleged onset date of February 1, 2012 through his date last insured of March 31, 2016 (20 C.F.R. 404.1571 *et seq.*).
>
> (3) Through the date last insured, the claimant had the following severe impairment: degenerative disc disease (20 C.F.R. 404.1520(c)).
>
> (4) Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526).
>
> (5) After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) with: occasional operation of hand controls, overhead reaching, crawling, stooping, and climbing ramps/stairs; no climbing ladders, ropes or scaffolds; no concentrated exposure to excessive vibration, unprotected heights, or hazards.
>
> (6) Through the date last insured, the claimant was capable of performing past relevant work as a bearing ring assembler. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565).
>
> (7) The claimant was not under a disability, as defined in the Social Security Act, at any time from February 1, 2012, the alleged onset

date, through March 31, 2016, the date last insured (20 C.F.R. 404.1520(f)).

[ECF #9-2, pp. 32-37].

Plaintiff requested a review of the ALJ's decision by the Appeals Council. Plaintiff submitted *two* sets of medical documents to the Appeals Council for review. The *first* set of documents were Veterans Affairs medical records dated December 6, 2016 through January 3, 2017. The Appeals Council determined that this evidence did not show a reasonable probability that it would change the outcome of the ALJ's decision and therefore did not "consider" this evidence. The Appeals Council determined that the *second* set of documents, Veterans Affairs records dated June 8, 2017 to June 9, 2017, did not relate to the period at issue. Therefore, the Appeals Council denied Plaintiff's request to review the ALJ's decision, making the decision of the ALJ the final decision of the Commissioner. [ECF #9-2, p. 2]. Both sets of medical records in question are included in the administrative record.

On January 10, 2018, Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. [ECF #1]. Both Plaintiff and Defendant filed briefs [ECF #11; ECF #12; ECF #13], and the Magistrate Judge issued his Report and Recommendation on February 4, 2019, recommending that the Commissioner's decision be affirmed. [ECF #16, p. 24]. The Magistrate Judge recommends affirming the Commissioner's decision because the record contains substantial evidence to support the decision that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. Plaintiff filed objections on February 18, 2019. [ECF #17]. Defendant replied to these objections on February 25, 2019. [ECF # 19].

## Standard of Review

**I.    Judicial Review of the Commissioner's Findings**

The federal judiciary has a limited role in the administrative scheme established by the Act,

which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## II. The Court's Review of the Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the Report and Recommendation ("R & R") to which specific

5

objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## **Applicable Law**

Under the Act, Plaintiff's eligibility for the sought-after benefits hinges on whether he is under a "disability." 42 U.S.C. § 423(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). The claimant bears the ultimate burden to prove disability. *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). The claimant may establish a prima facie case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving he could not perform his customary occupation as the result of physical or mental

6

impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975). This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is therefore necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the claimant's (1) residual functional capacity, (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant numbers in the national economy" that the individual can perform. *Id.* §§ 404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, & 416.966. If an assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it then becomes necessary to determine whether the claimant can perform some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). Appendix 2 of Subpart P governs the interrelation between these vocational factors.

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity; (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[2] (4) whether such

---

[2] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish her impairment is disabling at Step 3).

7

impairment prevents claimant from performing past relevant work;[3] and (5) whether the impairment prevents him from doing substantial gainful activity. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. *See* 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5). Once an individual has made a prima facie showing of disability by establishing the inability to return to past relevant work, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a vocational expert demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to past relevant work. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

---

[3] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

8

**Analysis**

Johnson objects to the Magistrate Judge's recommendation that substantial evidence supports the Appeals Council's decision that the new evidence does not relate back to the relevant period and/or that Plaintiff failed to show a reasonable probability that the additional evidence would change the decision. On February 14, 2017, the ALJ determined, based upon the evidence of record, that Johnson was not disabled through March 31, 2016. Thereafter, Johnson submitted medical evidence to the Appeals Council. This new evidence included VAMC records dated December 6, 2016 through January 3, 2017 and lumbar x-rays and an MRI dated June 8, 2017. Defendant argues that the Magistrate Judge correctly found that the new evidence not only post-dated the relevant time period but also does not present a basis for remand.

The Appeals Council will review a case if it receives additional evidence from the claimant that is "new, material and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision. 20 C.F.R. § 404.970(a)(5); *See Wilkins v. Dep't. of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991) (if a claimant submits evidence to the Appeals Council for review that is *new, material, and relates to the period on or before the ALJ's decision*, the Appeals Council must consider the newly submitted evidence.) (emphasis added). "New" evidence is evidence that is not duplicative or cumulative. *Wilkins*, 953 F.2d at 96 (citing *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)). Evidence is material if there is a reasonable probability that the new evidence would change the outcome of the decision. *Wilkins*, 953 F.2d at 96. However, additional evidence showing a deterioration in claimant's previously non-disabling condition after the date of the Commissioner's decision does not provide a basis for remand. *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997). The new evidence must pertain to the

9

time period in question and not concern later-acquired disabilities. *Id.* Rather, it may create grounds for a new application of benefits if the evidence shows deterioration of a condition. *Id.*; *see also Jackson v. Colvin*, No. 5:12-00686-KDW, 2013 WL 4056336 (D.S.C. Aug. 12, 2013) (citing *Jones* for support that additional evidence showing a deterioration of condition is not grounds for remand).

The parties dispute whether the new evidence presented relates back to the relevant time period. In *Bird v. Comm. of Social Sec. Admin*, 699 F.3d 337 (4th Cir. 2012), The Fourth Circuit held that an ALJ was required to give retrospective consideration to post-date-last insured evidence which may have been relevant to prove a disability arising before the claimant's date last insured. In *Bird*, the Fourth Circuit said, "[m]edical evaluations made after a claimant's last insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI. *Id.* at 340. Evidence that was created after that time period could be 'reflective of a possible earlier and progressive degeneration.'" *Id.* at 341 (citing *Moore v. Finch*, 418 F.2d 1224, 1226 (4th Cir. 1969)). The *Bird* Court continued, "DLI medical evidence generally is admissible in an SSA disability determination in such instances in which the evidence permits an *inference of linkage* with the claimant's pre-DLI condition." *Id.* (emphasis added). In *Meyer v. Astrue*, the Fourth Circuit determined that when a claimant submits additional evidence to the Appeals Council that was not before the ALJ that is new and material, the Appeal Council should evaluate the record, including the new and material evidence, to determine whether it warrants a change in the decision by the ALJ. 662 F.3d 700, 704-705 (4th Cir. 2011). If the Appeals Council determines on review that the decision is contrary to the weight of the evidence, it may issue its own decision or remand the case. *Id.*

Relying on *Bird*, he first argues that medical evaluations after the date last insured may still be relevant to prove disability and that in this case, the evidence presented shows a linkage to Johnson's

10

condition prior to the date last insured. Johnson also argues that the medical records, particularly the June 2017 lumbar spine x-ray showing osteoarthritis and disc disease, as well as the lumbar MRI showing disc protrusions at all levels of his lumbar spine is new and material because it concerns Johnson's previous complaints of back pain and show objective abnormalities. A review of the evidence shows that indeed Johnson complained of back pain in his previous medical records. The x-ray and MRI show disc degeneration at multiple levels as of June of 2017. The records before the ALJ included a back x-ray, as well as notes from providers who indicate that Johnson complained of back pain. While Johnson's providers did not place any limitations on Plaintiff related to these lower back complaints, the objective medical records in question relate to a condition that was documented in the records before the ALJ, a condition that the ALJ also found to be a severe disorder. The new evidence results affirm Johson's back complaints and the diagnosis of degenerative disc disease. Therefore, the new evidence indeed appears to relate back or otherwise provides a linkage to a previous impairment, and relates to the period at issue.

Moreover, Johnson argues there is a reasonable probability that this new evidence could have changed the outcome of the ALJ's decision, specifically the objective testing that the Appeals Council determined was not related to the period at issue. Johnson argues that the ALJ asked Plaintiff's counsel to try and obtain a copy of a lumbar MRI that Johnson believed he had undergone in March of 2015. While the new evidence includes an MRI more than a year after the relevant time period, the records are still objective evidence supporting Johnson's allegations which the ALJ rejected in part because he found his allegations inconsistent with the evidence in the record. The objective evidence seems particularly relevant given the fact that degenerative disc disease, is by its nature, progressive and worsens overtime. Further, the new evidence that Johnson submitted shows degenerative disc protrusion

11

at multiple levels, along with spinal stenosis, which suggests advanced deterioration happening over an extended period, rather than indicating an acute injury. Therefore, this Court cannot adequately determine whether substantial evidence supports the Commissioner's decision when this objective evidence, had it been properly considered, could have resulted in a different outcome by the Commissioner. Accordingly, this Court finds that it was error for the Appeals Council to fail to consider the evidence and records submitted from Department of Veterans Affairs and erred when it determined that the additional evidence did not relate to the period at issue. This case should be remanded for further proceedings to consider this evidence pursuant to sentence four of 42 U.S.C. § 405(g).[4]

Johnson raises several other objections to the Commissioner's decision. Johnson argues that the ALJ failed to properly evaluate the opinion of Dr. Davis, an examining physician , as well as how the ALJ handled the remaining non-examining physicians' opinions. Johnson also objects to the Magistrate Judge's acceptance of the ALJ's reference to Johnson's activities of daily living and periods where he was not seeking medical treatment or using medication as a means to explain why the ALJ did not fully

---

[4] Within the R&R, the Magistrate Judge distinguishes between a "sentence four" versus a "sentence six" remand. In reviewing final agency decisions, the exclusive methods by which district courts can remand a Social Security case to the Commissioner are set forth in sentence four and sentence six of section 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). When new evidence is presented to the Appeals Council and made a part of the record, remand is proper under sentence four. *See Meyer*, 662 F.3d 700, 704-705 (4th Cir. 2011). Sentence four allows a district court to "enter, upon the pleadings and transcript of record, a judgment affirming, modifying or reversing a decision of the Commissioner . . . with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Conversely sentence six allows for a remand under only two circumstances: (1) where the Commissioner requests a remand prior to answering the complaint and shows good cause to support the request; and (2) where "new, material evidence is adduced that was for good cause not presented before the agency." *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 and n.2 (1991). Sentence six of 42 U.S.C. § 405(g) authorizes the courts to remand cases to consider additional evidence where the evidence is new, material, and good cause exists to explain the failure to incorporate the evidence into the record in a prior proceeding. Here, the claimant presented the new medical evidence now in question to the Appeals Council. The Appeals Council ultimately decided that, as to one set of records, it would not "consider" or "exhibit" the evidence because there was not a reasonable probability it would change the outcome of the case, and as to the other set of records, it did not relate back to the period at issue. The Appeals Council therefore denied review and would not consider this new evidence *after* making a determination that the medical records provided no basis to change the ALJ's decision. Further, the medical records are included in the transcript and noted as "Medical Evidence of Record." Accordingly, this remand is appropriate under sentence four of 42 U.S.C. § 405(g).

credit Johnson's testimony regarding his subjective symptoms.  Because a review of the decision in its necessitates remand to consider objective testing that could potentially impact these determinations, as well, this Court feels these issues should be reconsidered on remand, as well.

## Conclusion

The Court has thoroughly considered the entire record as a whole, including the administrative transcript, the briefs, the Magistrate Judge's R & R, the objections, and the applicable law.  For the above reasons, the Court respectfully rejects in part  the Magistrate Judge's recommendation. [ECF #16]. The Court **REVERSES** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDS** the case to the Commissioner to reconsider the evidence of record consistent with the findings in this Order.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
June 27, 2019  R. Bryan Harwell
  United States District Judge